AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

In the Matter of the Search of )
)
A business located at 1748 W. 92nd Ave., Federal ) Case No. 20-sw-00185-MEH
Heights, Colorado 80260; including all computers, )
phones, closed and locked containers therein that have )
been associated with their alleged drug trafficking and )
money laundering activities, )
)
)
more fully described in Attachment A, attached hereto. )
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __State and__ District of __Colorado__ *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before __February 25, 2020__ *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.      ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Michael Hegarty__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*.      ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 02/11/2020, 2:30 pm            *Michael E. Hegarty*
                                                                                    *Judge's signature*

City and state:     Denver, CO                              Michael Hegarty
                                                                    United States Magistrate Judge
                                                                    *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

   I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

*Executing officer's signature*

*Printed name and title*

# ATTACHMENT A

## Description of Location to be Searched

**LOCATION #3 -** The SUBJECT BUSINESS is located at 1748 W. 92nd Ave., Federal Heights, Colorado 80260.  The SUBJECT BUSINESS is more particularly identified as a business in a strip mall.  The SUBJECT BUSINESS is constructed of red bricks.  The roof is flat. The front door faces north and above the door are the numbers 1748 in black, which is the physical location of the numbers of the SUBJECT BUSINESS.  The sign with the name "Envios La Paz" can be seen over the front door to the SUBJECT BUSINESS.  The location consists of the SUBJECT BUSINESS thereon. (see attached photos attached for further reference.)   The SUBJECT BUSINESS includes all computers, phones, closed and locked containers therein that have been associated with their alleged drug trafficking and money laundering activities, as further described in Attachment B and incorporated herein by reference.





## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

The following items, located within the SUBJECT BUSINESS, as described in Attachment A, that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of Title 21, United States Code, Sections 841 & 846 (distribution of controlled substances and conspiracy to distribute controlled substances) and Title 18, United States Code, Section 1956 (money laundering) (the "Subject Offenses") between June 1, 2018, and the present:

1. Controlled substances or derivatives of those controlled substances;

2. Implements and materials used in connection with the manufacture, production, storage, or dispensing of drugs such as postage, packaging material, weight scales, plastic bags, plastic containers, cardboard boxes, mailing envelopes, packaging tapes, labels, label machines, vacuum sealers and cellophane;

3. Books, records, receipts, notes, ledgers, correspondence, and other information relating to the transportation, ordering, purchase, and distribution of controlled substances or proceeds of controlled substances, including customer lists, dealer lists, and contact information for any of these customers and dealers.

4. Articles of personal property tending to establish the identity of the persons in control of the SUBJECT BUSINESS and contraband-related paraphernalia located in the SUBJECT BUSINESS, such as rent receipts, mail envelopes, photographs, and keys;

5. Information, notes, software, documents, records, or correspondence evidencing violations of the Subject Offenses;

6. Information, records, documents, invoices, and materials that concern any accounts with an Internet Service Provider, email or social media accounts, or other remote computing storage;

7. Information, documents, records, photos, videos, or correspondence that aid in the identification of persons involved in violations of the Subject Offenses;

8. United States or other currency, financial instruments, jewelry, precious metals, and any containers or secret compartments capable of holding the same, that constitute evidence or proceeds of violations of the Subject Offenses;

9. Documents, records, or information relating to the transfer, purchase, sale or disposition of virtual currency or cryptocurrency.

10. Records and documents pertaining to banking, real estate, or other financial transactions, including the sale of goods, that constitute evidence of or proceeds of the Subject Offenses or the concealment or expenditure of proceeds of the Subject Offenses;

11. Indicia of occupancy, residency, rental and/or ownership of the SUBJECT BUSINESS, including, utility and telephone bills, canceled envelopes, rental purchase or lease agreements, and keys;

12. Indicia of ownership or control over any vehicles located at the place to be searched, including, but not limited to, titles, registrations, gas receipts, repair bills, and keys belonging to that vehicle;

13. Copies of income tax returns and related correspondence concerning CORTES-DURAN and Bryan Rodriguez who is the son of CORTES-DURAN and the registered agent for SUBJECT BUSINESS, and any other entities under the control of these individuals;

14. Travel records, including passports, visas, airline tickets, boarding passes and airline ticket receipts relating to the Subject Offenses;

15. Items used for identification, including identification cards under fictitious names, monikers, and any other type of identifying documents, whether legitimate or fictitious;

16. Records and keys related to self-storage units, post office boxes, commercial mail receiving agency private mail boxes, and safe deposit boxes;

17. Firearms and ammunition;

18. Records and things evidencing the use of an Internet Protocol (IP) address to communicate with the internet, including:

    a. Routers, modems, and network equipment used to connect computers to the internet;

    b. records of Internet Protocol addresses used;

    c. records of internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses.

19. Documents, records, or information relating to email, online, or darkweb accounts including:

      a. Documents, records, or information associated with darknet monikers used in furtherance of the Subject Offenses;

      b. Documents, records, or information relating to any other email or online accounts used in furtherance of the Subject Offenses;

20. Virtual or digital or crypto currency in any format, including but not limited to, wallets (digital and paper), public keys (addresses) and private keys.

21. Any and all hidden services accounts used in furtherance of the offenses described above, including, but not limited to, darknet market accounts, associated darknet forum accounts and Tor-based email accounts.[1];

22. Any and all peer to peer (P2P) virtual currency trading platform accounts, with no legitimate or identified service provider to which legal process may be served, used in furtherance of the offenses described above, including, but not limited to, localbitcoins.com[2] accounts or bitcon-otc internet relay chat channel[3] accounts.

23. Computer(s), digital storage media, or digital storage devices, any physical object upon which computer data can be recorded, computer hardware, computer software, servers, computer related documentation, computer

---

[1] Hidden services (.onion services) are accessed through the Tor anonymity network. Most are considered dark web services with no legitimate or identified service provider to which legal process may be served.

[2] LocalBitcoins, OY (and their associated web platform, localbitcoins.com "LBC") is a Finnish company which is not a licensed money transmitting business registered with the U.S. Government and compliant with the Bank Secrecy Act, which requires establishment and maintenance of anti-money laundering (AML) programs in accordance with know your customer (KYC) rules, such as identifying persons involved in currency transactions over certain thresholds. LBC is not considered a legitimate service provider to which legal process may be served for accurate subscriber information or account seizure.

[3] Internet Relay Chat (IRC) is a decentralized chat system which enables people with an installed client (computer program which sends and receives messages to and from an IRC server via the internet) to join in live discussions with anyone else connected in the same manner. The IRC server ensures that all messages are broadcast to everyone participating in a discussion.   There can be many discussions going on at once; each one is assigned a unique channel. One such channel is #bitcoin-otc, in which virtual currency trades are negotiated and arranged. All transactions that may occur are conducted directly between counterparties, without any participation or intermediation from the hosts of IRC servers, and therefore no entity to which legal process may be served for accurate subscriber information, transactional history or account seizure.

    passwords and data security devices, gaming devices, tablets, flash drives, volatile data, digital communications devices, cellular telephones, cameras, videotapes, video recording devices, video recording players, and video display monitors, digital input and output devices such as keyboards, mouse(s), scanners, printers, monitors, electronic media and network equipment, modems, routers, connection and power cords, and external or connected devices used for accessing computer storage media that was used to commit or facilitate commissions of the Subject Offenses.

24. For any computer, cellular telephone, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, COMPUTER) that is called for by this warrant, or that might contain items otherwise called for by this warrant:

    a. evidence of who used, owned, or controlled the COMPUTER at the time the items described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, user profiles, e-mail, e-mail contacts, "chat" or instant messaging logs, photographs, and correspondence;

    b. evidence of software that may allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    f. evidence of how and when the COMPUTER was used or accessed to determine the chronological context of computer access, use, and events relating to the Subject Offenses under investigation and to the computer user;

    g. information about usernames or any online accounts or email addresses that include the email accounts and monikers listed in paragraph 20;

    h. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

      i. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

      j. contextual information necessary to understand the evidence described in this Attachment B;

      k. volatile data necessary to preserve evidence prior to powering-off and unplugging a running computer;

      l. any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of the Subject Offenses;

      m. items or evidence of items otherwise described above in paragraphs 1-24 of this Attachment B.

25. Executing law enforcement personnel are authorized to depress the fingerprints and/or thumbprints of persons reasonably believed to be the user(s) of the a device onto the Touch ID or fingerprint sensor of any Apple iPhone, iPad, or other Apple brand device, or other device that has a fingerprint sensor, in order to gain access to the contents of any such device. Law enforcement personnel may also depress the fingerprints and/or thumbprints of persons reasonably believed to be the user(s) of the device in order to gain access to applications on the device that may be locked with a fingerprint or thumbprint.

DEFINITIONS:

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).